**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JAMES PATYRAK ,

Plaintiff,

v.

PTLM. TIMOTHY APGAR , et al.,

Defendants.

**Civil No. 10-6800 (FLW)**

**MEMORANDUM OPINION**

Plaintiff James Patyrak ("Plaintiff") moves for reconsideration of this Court's November 29, 2011 decision dismissing with prejudice his suit against Defendants Ptlm. Timothy Apgar, Ptlm. Cialone, Ptlm. Dendis, and Township of Raritan, Police Department (collectively, "Raritan Defendants"), and Defendants Borough of Flemington Police Department and Ptlm. Jeffrey Austin (collectively, "Flemington Defendants"), (all defendants collectively referred to as "Defendants"). For the following reasons, and in light of new evidence presented by Plaintiff, his motion is granted. However, having considered the new evidence, the Court reaffirms its dismissal of Plaintiff's complaint.

**BACKGROUND**

While the pertinent facts are set forth in my November 29th decision, I recount them here for context. Plaintiff initially commenced an excessive force action, under 42 U.S.C.

§ 1983, in the Superior Court of New Jersey, Law Division, Hunterdon County, Docket No. HNT-L-241-03, against all the defendants named in this suit, on May 8, 2003. Compl., ¶ 3. The complaint revolved around an incident that took place on or about May 9, 2001, two years prior. Thereafter, on June 30, 2003, the suit was removed to the District of New Jersey and was assigned Docket No. 03-3127. Id. at ¶ 4. Sometime after the suit was removed, criminal charges relating to the May 9, 2001 incident were brought against Plaintiff. See id. at ¶ 5. In or about December 2003, both parties stipulated that Plaintiff could dismiss his suit without prejudice in light of the criminal charges filed against him. Id.

On April 22, 2004 , an order was issued in the prior suit. The order was titled "Order Administratively Dismissing Case," ("Order"), and stated, in pertinent part:

> It appearing that the Plaintiff in this case has been charged in a criminal case entitled State vs. Patyrak, . . . and the facts in the criminal case relate to the incident which is the subject of this lawsuit; and it further appearing that Plaintiff cannot respond to certain discovery requests in this matter without prejudicing his Fifth Amendment rights; and it appearing that the resolution of the case of State v. Patyrak may resolve some or all of the issues in this litigation . . . [it is] ORDERED that the Clerk shall administratively terminate this action . . . without prejudice to the right of the parties to reopen the proceedings for good cause shown . . .

Patyrak v. Agar, et al., Docket No. 03-cv-3127 (SRC) (Docket Entry No. 6) (emphasis added) at 1. The order further stated that "the entry of this Order of Administrative Dismissal shall not grant to the Defendants the right to assert a defense of Statute of Limitations by

virtue of the administrative Dismissal, except to the extent that the facts supporting the defense existed prior to the Administrative Dismissal ...." Id. at 2. The order did not include a date or time frame by which Plaintiff was to seek to reopen the proceedings.

On December 29, 2010, Plaintiff filed the instant complaint in this Court, in lieu of seeking permission to reopen his prior civil proceeding docketed as 03-cv-3127. Defendants moved for judgment on the pleadings, arguing that the applicable two-year statute of limitations barred Plaintiff's Complaint and that the filing of a new complaint was not the proper means of complying with the Order Administratively Dismissing Case issued in the prior action. Plaintiff's Complaint does not specify the date he became aware that his criminal complaint was dismissed, but simply states that the "criminal actions [sic] are concluded." Compl., ¶ 6.

Upon review of the parties' arguments and the case history provided by Plaintiff in his papers opposing the motion for judgment on the pleadings, I granted Defendants' motion. In order to determine the date his criminal actions were concluded, I consulted judicial records of the criminal proceeding that were provided by the parties. After reviewing those records, I concluded that the two-year statute of limitations applicable to Plaintiffs' excessive force claims began to run again on November 6, 2008. In concluding that the November 6th date signaled the conclusion of Plaintiff's criminal matter, I gave the pro se Plaintiff the benefit of the doubt because the criminal case records the parties

presented were unclear. See Opinion dated November 19, 2011, Civil Action No. 10-6800 (FLW), Slip Op. ("November 19, 2011 Opinion") at 4-5.

I further held that the order's statement that it does "not grant to the Defendants the right to assert a defense of Statute of Limitations by virtue of the administrative Dismissal ....", Order Administratively Dismissing Case at 2, must be interpreted to mean that the statute of limitations defense could not be raised during the pendency of the criminal action. Hence, I reasoned, Plaintiff's failure to bring his suit within the two years following the November 6, 2008 accrual date meant his claim was barred. See November 29, 2011 Opinion at 6.

**DISCUSSION**

Motions for reconsideration in this district are governed by Local Civil Rule 7.1(i). That rule allows parties to seek reconsideration by the Court of matters "which [the party] believes the Court has overlooked" when it ruled on the initial motion. L. Civ. R. 7.1(i). The burden on the moving party, however, is quite high. The movant must demonstrate either: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). Although the burden on a party moving for reconsideration is high, as with all local rules, the "court has discretion to depart from the strictures of its own procedural rules where (1) it has a sound rationale for doing so, and

(2) doing so does not unfairly prejudice a party who has relied on the rule." U.S. v. Rivas, 493 F.3d 131, 141 (3d Cir. 2007) (quoting United States v. Eleven Vehicles, Their Equipment & Accessories, 200 F.3d 203, 215 (3d Cir. 2000)) (internal quotation marks omitted).

Plaintiff presents new documents and arguments in support of his motion for reconsideration. Importantly, Plaintiff submits a transcript from the November 6, 2008 Watchung Municipal Court hearing at which the criminal action against him was dismissed. Plaintiff argues that he did not receive notice of the dismissal on the date of the November 6, 2008 hearing, but that he received notice of the dismissal in early 2009 when he requested a status update from the Watchung Municipal Court. Hence, he argues, the accrual date should reflect this delay in his receiving notice that the criminal matter was dismissed. Moreover, with a 2009 accrual date, he argues that his December 29, 2010 filing would be timely.

Typically, a motion for reconsideration may not assert arguments that could have been raised in the underlying motion. See Leja v. Schmidt Mfg., Inc., 743 F.Supp.2d 444, 456 (D.N.J. 2010). This argument was available to Plaintiff at the time he opposed Defendants' motion because the hearing took place in 2008, and Plaintiff admits that he received notification of the Watchung Municipal Court Judge's ruling in early 2009. However, in light of Plaintiff's pro se status, and my inherent authority to depart from the strictures of the district court's procedural rules where such departure does not prejudice

the non-moving party, see Rivas, 493 F.3d at 141, I will grant his motion for reconsideration and address the merits of his argument.

To be sure, I consider the municipal court transcript new evidence relevant to my statute of limitations determination even though it is not "newly discovered" evidence. As I noted in the November 29, 2011 Opinion, the motion papers did not include a complete record of the criminal proceedings—neither Plaintiff nor Defendants provided complete documentation to the Court. The inclusion of the transcript in these motion papers provides the Court with a more developed factual record upon which to base its decision. In addition, I do not find that granting the motion for reconsideration unfairly prejudices Defendants. Through this motion, Defendants have had the opportunity to present their arguments supporting this Court's prior ruling and the transcript is the sort of extra-complaint evidence that a court may rely upon in ruling on a motion for judgment on the pleadings.[1] Therefore, reconsideration is proper.

The 2008 Watchung Municipal Court transcript details the tortured procedural history of the criminal proceedings against Plaintiff. Plaintiff was initially charged with two counts of driving while intoxicated (N.J.S.A. 39:4-50; N.J.S.A. 39:4-50.2), a count of

---

[1] As noted in my November 29, 2011 Opinion, courts may consider judicial transcripts on a motion to dismiss. See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999). See also Sands v. McCormick, 502 F.3d 263, 268-69 (3d Cir. 2007). And, courts apply the same standards to motions for the judgment on the pleadings as they do motions to dismiss. See Turbe v. Govt. of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

aggravated assault (N.J.S.A. 2C:12-1b), and a count of resisting arrest (N.J.S.A. 2C:29-2a), sometime following his arrest in 2001. Plaintiff's counsel before the Watchung court moved to dismiss the case for lack of a speedy trial. Counsel explained to the judge that, in the multiple years the case was pending, no trial date had been set. See Nov. 6, 2008 Tr. ("Tr.") at 4:8-12.

Moreover, according to counsel, the matter was initially assigned to Judge Bartlett in Flemington, New Jersey, and while a motion to dismiss for prosecutorial misconduct was filed in that proceeding, the motion was never decided. Id. at 4-5. Thereafter, the prosecutors agreed to dismiss the indictable offenses and remand the remaining disorderly person offenses to the Flemington Municipal Court. Id. at 5. Nothing took place for several years and, then, sometime beginning in 2005 through 2006, the matter was scheduled for a hearing in Flemington Municipal Court. The Flemington Municipal Court Judge subsequently recused himself and the case was transferred to Readington Municipal Court. Id. at 8. Then, the Readington Municipal Court Judge disqualified himself and the matter was transferred to Bridgewater Municipal Court. Id. Plaintiff filed a motion to dismiss in that proceeding, but the Bridgewater Municipal Judge ultimately disqualified himself as well and the case was finally transferred to Watchung Municipal Court. Troubled by this tortured procedural history, which was supported by documentary evidence supplied to that court, the Watchung Municipal Judge dismissed the case as violative of the Plaintiff's

right to a speedy trial. The Judge rendered the decision in an oral opinion with Mr. Patyrak's counsel being present.

While the procedural history facts detailed in the Watchung transcript garner the Court's sympathy for Plaintiff's experience with the state justice system prior to the Watchung Municipal Court proceedings, I may not base my ruling on those facts because a judicial transcript may not be relied upon for the truth of the matters asserted therein. See Brody v. Hankin, 145 Fed.Appx. 768, 772 (3d Cir. 2005). I may rely on the transcript only to establish that the hearing took place on November 6, 2008.[2] Accord id. at 772 (noting that a court may notice the existence of a judgment). It was not clear from the documents presented by the parties in connection with the prior motion how and through what mechanism the criminal case was dismissed, or how Plaintiff obtained knowledge of the dismissal. As noted in my November 29, 2011 Opinion, the court documents presented in support of the motion to dismiss reflected both a September 22, 2004 dismissal date and a November 6, 2008 dismissal date. See November 29, 2011 Opinion at 4.[3] However, the

---

[2] "[O]n a motion to dismiss, [courts] may take judicial notice of another court's opinion—not for the truth of the matter asserted, but for the existence of the opinion." Id. (quoting Southern Cross, 181 F.3d at 426). Therefore, "a court that examines a transcript of a prior proceeding to find facts converts a motion to dismiss into a motion for summary judgment." Id. (quoting same).

[3] I relied upon documents obtained from the Flemington Municipal Court by the Flemington Defendants. These documents included two handwritten notes indicating a November 6, 2008 dismissal date. See id. (citing Bauknight Cert., Exh. E).

transcript confirms that the November 6th date is the appropriate accrual date because Plaintiff's then-counsel was present at the Watchung hearing, which means that Plaintiff had, at least, constructive knowledge of the dismissal of his criminal case on that date.

Moreover, by designating November 6, 2008 as the accrual date, the Court has granted the pro se Plaintiff a discernable benefit. Immediately after stating that "entry of this Order of Administrative Dismissal shall not grant to the Defendants the right to assert a defense of Statute of Limitations by virtue of the administrative Dismissal," the order entered in the prior suit clarifies that it does not preclude Defendants from relying on "facts supporting the defense [that] existed prior to the Administrative Dismissal ...." Order Administratively Dismissing Case at 3. In assigning November 6, 2008 as the accrual date, this Court has not charged against Plaintiff the elapsed time between the date of the alleged excessive force incident in 2001, and his filing of the prior complaint in 2003, which was near the expiration of the two-year limitations period.

Plaintiff makes several additional new arguments in support of his motion for reconsideration.[4] First, he argues that the Court strictly applied the two-year statute of

---

[4] I need not consider these arguments because they could have been raised in connection with the underlying motion for judgment on the pleadings. See Leja, supra at 456. However, for completeness' sake, I address them here. That said, I do not address on the merits of Plaintiff's argument that the reason for his delay in filing once he learned of the criminal dismissal is that he was ill. This fact was clearly within Plaintiff's own knowledge at the time he filed his opposition to the motion for judgment on the pleadings. I will not exercise my discretion to relax the motion for reconsideration standard in this instance, despite Plaintiff's pro se status, because this is the sort of argument that was well

limitations period and that such strict application violates New Jersey law, citing Price v. N.J. Mfrs. Ins. Co., 182 N.J. 519, 524 (2005), in support of his position. Plaintiff quotes language from Price that "where defendants are on notice of the claims, and no significant prejudice results, the policy reasons for upholding a strict statute of limitations recede." Id. at 524.  However, the Price Court further explained that a plaintiff must demonstrate that he is entitled to either equitable tolling or the discovery rule in order to "avoid harsh results from a mechanical application of the statute of limitations ...." Id. at 524-25. Plaintiff has not demonstrated that he is entitled to application of either of these equitable doctrines here, nor do the facts here demonstrate that this Court, which has granted Plaintiff every presumption, has applied the statute of limitations mechanically. Indeed, Plaintiff had waited almost two years to file his initial complaint and has waited more than two years after dismissal of the criminal case to file this new action. Thus, all told, subtracting the time that the criminal proceedings were pending and the case dismissed, Plaintiff has had the benefit of almost four years to proceed with his claims.

Second, Plaintiff argues that the Magistrate Judge's order should be construed against the Defendants because they drafted the order and, further, that the order did not state that Plaintiff was obligated to reopen the same proceeding as opposed to filing a new complaint. I reject this argument. For one, the Court did not dismiss Plaintiff's Complaint

---

within his competency to make in the first instance.

for failure to reopen the initial proceeding. As noted in the November 29, 2011 Opinion, "it would elevate form over substance to dismiss the instant complaint solely based upon that procedural infirmity." November 29, 2011 Opinion at 5. As for Plaintiff's argument that the order should be construed against Defendants, Plaintiff has not cited any case law holding that an order entered by a judge should be construed against the party who submitted a proposed draft of that order. Courts may construe language against a drafter in an insurance contract dispute, see e.g., Prudential Stewart Realty v. Sonnenfeldt, 285 N.J.Super. 106, 110-11 (App. Div. 1995), or a criminal plea agreement dispute, see e.g., U.S. v. Macon, 91 Fed.Appx. 239, 242 (3d Cir. 2004), but Plaintiff has not proffered a rationale for applying that interpretive construct to an order executed by a judicial officer.

For the foregoing reasons, Plaintiff's motion for reconsideration is granted. However, the Court reaffirms its prior dismissal of his complaint.[5] An appropriate Order will accompany this Opinion.

/s/ Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.

Dated: June 11, 2012

---

[5] The Court further finds that granting Plaintiff leave to amend would be futile because the November 6, 2008 transcript conclusively demonstrates the date his criminal complaint was dismissed.